**JIN XIANG CHEN, Petitioner,**

v.

Peter D. KEISLER,[1] Acting
U.S. Attorney General,
Respondent.

No. 06–5679–ag.

United States Court of Appeals,
Second Circuit.

Oct. 12, 2007.

David A. Bredin, New York, NY, for
Petitioner.

David R. Dugas, United States Attorney, Helina S. Dayries, Assistant United States Attorney, Baton Rouge, LA, for Respondent.

PRESENT: Hon. THOMAS J.
MESKILL, Hon. CHESTER J. STRAUB,
Hon. DEBRA ANN LIVINGSTON,
Circuit Judges.

### SUMMARY ORDER

Jin Xiang Chen, a native and citizen of China, seeks review of a November 17, 2006 BIA decision affirming the June 20,

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

2005 decision of Immigration Judge ("IJ") Noel Ferris, denying his applications for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. *In re Jin Xiang Chen,* No. A73–643–744 (B.I.A. Nov. 17, 2006), *aff'g* No. A73–643–744 (Immig. Ct. N.Y. City June 20, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions— or, more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). The Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. I.N.S.,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296 (2d Cir. 2007). In addition, the Court generally will not disturb adverse credibility determinations that are based on "specific examples in the record of inconsistent statements ... about matters material to [an applicant's] claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters...." *Zhou Yun Zhang,* 386 F.3d at 74 (internal quotation marks omitted).

▮ In this case, the IJ's adverse credibility determination, as a whole, is supported by substantial evidence. Specifically, Chen's testimony was inconsistent regarding the events surrounding his wife's alleged forced sterilization. Chen first claimed, in his amendment to his application, that he "went back home and carried [his] daughter to the birth control office to question them." However, during the hearing, Chen testified that he argued with the cadres in the street in his village, since they had not left yet. Because the event was central to Chen's claim, the inconsistencies support an adverse credibility finding. *See Zhou Yun Zhang,* 386 F.3d at 74.

The IJ's demeanor finding is supported by record evidence. The IJ noted numerous times that Chen was not responding to the question asked, and that Chen failed to clarify his answers. Chen was provided ample opportunity to reconcile and clarify his testimony before the IJ found that he was not credible based on those statements. *See Ming Shi Xue v. BIA,* 439 F.3d 111, 125 (2d Cir.2006) (holding that "an IJ may not rest an adverse credibility finding on non-dramatic putative contradictions or incongruities in an alien's narrative without first giving the applicant a chance to reconcile the testimony"). The IJ also noted that Chen's testimony "was hesitant, [had] nothing to do with a stutter," that he "just stopped answering questions," "made no effort to answer responsively despite being told to do it several times and being given every opportunity by being asked questions twice, three times, and in some occasions, five times before he even bothered to try to answer it." *See Zhou Yun Zhang,* 386 F.3d at 73 (particular deference is given to the trier of fact's assessment of demeanor). Thus, the IJ's adverse credibility findings are supported substantially by record evidence.

▮ Even assuming credibility, a finding the agency did not make, Chen cannot establish eligibility for asylum solely on the basis of his wife's alleged forced

abortion. *See Shi Liang Lin,* 494 F.3d at 309 (holding that the Immigration and Nationality Act does not provide that a spouse or unmarried partner of someone who has been forced to undergo, or is threatened with, an abortion or sterilization is automatically eligible for "refugee" status). Moreover, taking Chen's claims as true, the treatment resulting from his "other resistance" to the family planning policy does not amount to persecution. Specifically, Chen testified that he argued with cadres in the street after his wife had been taken for sterilization, and then went to the birth control office to argue again with the cadres. Chen testified that "nothing happened in the office," but he was told that he had to pay a 5,000 yuan fine. As a result of Chen not paying the fine, the cadres, about a month later, "went to [his] house, took things away. Took away the TV." Chen testified that they also took the "cooking wok in the kitchen, some items were broken also." This economic harm alleged by Chen does not amount to economic persecution. *See Guan Shan Liao v. U.S. Dep't of Justice,* 293 F.3d 61, 67 (2d Cir.2002) (holding that "the deliberate imposition of a substantial economic disadvantage" constitutes such persecution).

Additionally, Chen's alleged threat of imprisonment does not rise to the level of persecution. *See id.* at 70 (stating that a "threat of detention ... itself ... is not past persecution"). Chen testified that the cadres returned to his home two or three more times to tell him that he had to pay the fine, and informed him that he would be jailed if he did not pay the fine. However, Chen testified that he was never jailed in China, and that "[n]othing else that *[sic]* happened." Chen did not testify that he suffered any physical harm as a result of his opposition to the family planning policies; instead, he only alleged that

officials returned to his home to demand payment of the fine and took some of his property. *See, e.g., Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006) (harm must be sufficiently severe, thus rising above "mere harassment"). Further, although Chen alleged that officials threatened to jail him, he lived in China for four years after his wife gave birth without being imprisoned. In sum, Chen's allegations do not arise to the level of persecution.

To the extent that Chen claims that he is likely to be tortured if returned to China because he would be sterilized, the claim depends upon his credibility, and, thus, the adverse credibility determination in this case necessarily precludes success on the claim for CAT relief. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005). Although Chen argues that the IJ failed to address the possibility that he might be imprisoned or tortured if returned to China because of his illegal departure from China, this Court has explicitly rejected such arguments. *See, e.g., Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159–60 (2d Cir.2005); *Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 143–44 (2d Cir.2003).

For the foregoing reasons, the petition for review is DENIED.